## NELLIE HAO v. HUTCHINSON SUGAR PLANTATION COMPANY.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED JANUARY 4, 1909.             DECIDED JANUARY 12, 1909.

HARTWELL, C. J., WILDER, J., AND CIRCUIT JUDGE ROBINSON IN PLACE OF BALLOU, J.

PRINCIPAL AND AGENT.

The acts of an agent made with the knowledge and concurrence of his principal cannot thereafter be repudiated by the latter.

Hao v. Hutchinson Plantation Co., 19 Haw. 315.

TENDER—*effect of acceptance.*

> The acceptance of an absolute and unconditional tender is binding.

OPINION OF THE COURT BY WILDER, J.

This is an action to recover rent under a lease from plaintiff which has been assigned to defendant. The circuit court, jury waived, found for the defendant and entered judgment accordingly. Plaintiff comes to this court on exceptions.

The rental provided in the lease is $150 annually, beginning in 1900. Plaintiff claims $375, being $75 for each of the years 1904, 1905 and 1906, and $150 for 1907. At the beginning of the trial defendant tendered into court $75 as the rent for 1907, which plaintiff withdrew and accepted, and during the trial defendant produced receipts from the plaintiff signed by her agent purporting to be in full for each of the other years in question. It appears that during the year 1904 plaintiff appointed one Kekaula as her agent to collect her rents and give receipts therefor. This agent with the knowledge and concurrence of plaintiff, as the evidence shows and as presumably the trial court found, collected and receipted in full for the rent for those three years on the basis of one-half, another claimant to half of the land leased having appeared, to whom the other half of the rent was paid or held for. The proposition amounted to an arrangement between plaintiff through her agent and defendant whereby the rent stipulated for in the lease was reduced one-half in view of the fact that a third party made a claim to half of the land.

Under these circumstances plaintiff cannot now repudiate the acts of her agent. This of course has nothing to do with the question who really owns the land.

In regard to the $150 claimed as rent for 1907, plaintiff is bound by her acceptance of the tender by defendant of $75. The tender was absolute and unconditional and the acceptance

of it binds plaintiff and her subsequent claim that it was accepted on account cannot avail.

The other exceptions are without merit.

Exceptions overruled.

*W. C. Achi* for plaintiff.

*H. E. Cooper* for defendant.